IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL J. SCHILLACI, JR.,

    Plaintiff,

Case No.

v.

NCO FINANCIAL SYSTEMS, INC., and
SUE CHOW a/k/a JANE DOE,

**JURY TRIAL DEMANDED**

    Defendants.

_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III. Parties

4. Plaintiff Daniel J. Schillaci, Jr. (hereafter "Plaintiff"), is an individual who resides in the City of Lithia, County of Hillsborough, State of Florida, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant NCO Financial Systems, Inc. (hereafter "NCO") is a Pennsylvania corporation, with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044. Defendant NCO regularly collects, or attempts to collect, debts alleged to be due to another.

6. Defendant Sue Chow a/k/a Jane Doe, (hereafter "Doe") is an individual employee and/or agent of Defendant NCO and, based on information and belief, regularly collects, or attempts to collect, debts alleged to be due to another.

### IV. Factual Allegations

7. On or about June 3, 2009, Plaintiff received a call from Defendant NCO attempting to collect an alleged consumer debt that Plaintiff owed to Bank of America.

8. During this call, Plaintiff communicated to Defendant NCO that he was unable to pay the debt at this time.

9. Also during this call, Plaintiff advised Defendant NCO that he had retained an attorney regarding the alleged debt, provided his attorney's contact information, and requested that Defendant NCO direct all correspondence regarding the alleged debt to his attorney.

10. On or about June 15, 2009 Defendant Doe called the home of Plaintiff's sister's mother-in-law, Lucy Marten (hereafter "Marten"), regarding Plaintiff's alleged debt with Bank of America.

11. Marten is not a signatory on the Bank of America account, and thus, is not liable on the alleged debt that Defendants NCO and Doe were attempting to collect.

12. During the call, it was made clear to Marten that NCO was seeking payments as a third-party creditor of Plaintiff.

13. During the phone call with Marten, Defendant Doe identified herself as "Sue Chow from NCO Financial" and gave Lucy her phone number of 1-800-231-1240, ext 2097 and reference ID #5029P0.

14. It was a violation of the FDCPA and/or the FCCPA for Defendant NCO and/or Doe to contact a third-party, as Defendant NCO previously had correct location information for Plaintiff, speaking with him on the phone several times prior to this call.

15. Additionally, Plaintiff had also requested that Defendant NCO direct all correspondence regarding this debt to his attorney.

16. Defendants' call to Marten was violative of the FDCPA as the purpose of their call was not to correct/verify location information.

17. Defendants' attempted contact with a party other than Plaintiff's attorney, when Defendant knew that Defendant was represented by an attorney with respect to such debt, was violative of the FDCPA and/or FCCPA.

18. Defendants' willful engagement in conduct which could reasonably be expected to abuse or harass the debtor or any member of his family was violative of the FCCPA.

19. As a result of Defendants' actions and/or omissions, Plaintiff suffered from intense stress, feelings of embarrassment, feelings of depression, as well as the formation of great tension within and between the families.

## First Claim for Relief
## FDCPA Violation
## Daniel J. Schillaci, Jr. v. NCO Financial Systems, Inc.

20. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19.

21. Defendant's actions were performed with the intent to coerce Plaintiff into paying a consumer debt.

22. The foregoing acts and omissions of Defendant NCO and its agents constitute numerous and several violations of the FDCPA, including, but not limited to U.S.C. §§ 1692b(1) and 1692c(a)(2).

23. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Daniel J. Schillaci, Jr. v. NCO Financial Systems, Inc

24. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19.

25. Defendant's actions were performed with the intent to coerce Plaintiff into paying a consumer debt.

26. The foregoing acts and omissions of Defendant Jane Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(5), 559.72(7) and 559.72(18).

27. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Third Claim for Relief
### FDCPA Violation
### Daniel J. Schillaci, Jr. v. Jane Doe

28. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19.

29. Defendant's actions were performed with the intent to coerce Plaintiff into paying a consumer debt.

30. The foregoing acts and omissions of Defendant Jane Doe constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692b(1) and 1692c(a)(2).

31. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Fourth Claim for Relief
### FCCPA Violation
### Daniel J. Schillaci, Jr. v. Jane Doe

32. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19.

33. Defendant's actions were performed with the intent to coerce Plaintiff into paying a consumer debt.

34. The foregoing acts and omissions of Defendant Jane Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(5), 559.72(7) and 559.72(18).

35. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS for the following:

a. Declaratory judgment that DEFENDANTS' conduct violated the FDCPA & FCCPA;

b. Actual damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

c.  Statutory damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

d.  Punitive damages pursuant to F.S.A. § 559.77(2);

e.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2); and

f.  Such other and further relief as may be just and proper.

Dated: October 26, 2009

Respectfully submitted,

/s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JAMES W. ELLIOTT, ESQUIRE
Florida Bar No. 0040961
james@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
213 N. Parsons Avenue
Brandon, Florida 33510
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ G. Donald Golden
G. Donald Golden, Esquire